UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TERRELL BRADY, #14005065,

                          Plaintiff,

          -against-

NCCC SHERIFF MICHAEL SPOSATO,

                          Defendant.
----------------------------------------------------------------X

**FILED**
**CLERK**

1/26/2016 3:30 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
15-CV-6161 (JMA) (ARL)

**AZRACK, District Judge:**

On October 19, 2015, *pro se* plaintiff Terrell Brady ("plaintiff") commenced this action against "NCCC Sheriff Michael Sposato" ("Sheriff Spossato" or "defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

### I.   BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff alleges:[2]

> On or about July 21st, 2015 I mailed 2 items using the certified mail receipt and on or about July 25, 2015 both receipts were returned to me but did not bear the USPS Postmark which used for an acceptance of legal proof of mailing. I submitted a grievance on or about 7/29/15 informing the grievance coordinator

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint a reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

>that refusing to comply with Postal Law NCCC is liable for mail fraud, said grievance was accepted and my receipts are still not stamped. On or about August 26, 2015, I attempted to mail 2 letters, said letters were returned to me because I have no funds. I submitted a grievance on or about 9/9/15 informing the grievance coordinator that NCCC is committing mail fraud, on or about 9/16/15 a grievance investigator returned my grievance stating my complaint needs to be withdrawn or I will suffer disciplinary action for altered/contraband items.

(Compl. ¶ IV.)  Plaintiff has left the space on the complaint form that calls for a description of any injuries suffered blank. (Id. ¶IV.A.)  For relief, plaintiff seeks to recover a monetary award of $7,500. (Id. at ¶ V.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.      Section 1983**

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76

4

F.3d 72, 74 (2d Cir. 1996)).  Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Claim Against Sheriff Sposato

As discussed above, a Section 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law.  Johnson, 360 F. App'x at 201.  Although plaintiff names Sheriff Sposato as the sole defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable Section 1983 claim.  Given the absence of any allegations of conduct or inaction attributable to Sheriff Sposato, plaintiff's claim against him is implausible and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii), 1915A(b)(1).

### D. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).  Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint."  Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to

5

amend his complaint.   Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.   Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15-CV-6161 (JMA) (ARL), and shall be filed within thirty (30) days from the date of this Order.   Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint.   Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) and with leave to file an amended complaint.  **Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15-CV-6161(JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order.**   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                             /s/ JMA_____
                                                                        Joan M. Azrack
Dated:   January 26, 2016                          United States District Judge
             Central Islip, New York